NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        x
KAWSAR GHANOUM,                         x
                                        x   Hon. Stanley R. Chesler, U.S.D.J.
                Plaintiff,              x
                                        x   Civ. No. 96-3280 (SRC)
v.                                      x
                                        x   **OPINION**
                                        x
MIKE GHANNOUM,                          x
                                        x
                Defendant.              x
_____

**CHESLER, District Judge**

This matter comes before the Court upon Plaintiff Kawsar Ghanoum's Motion for Entry of Judgment (docket entry # 61). The Court having considered the papers and for good cause show, grants Plaintiff's Motion and enters judgment for Plaintiff Kawsar Ghanoum against Defendant Bader E. Ghannoum in the amount of $49,420.35.

**I. Background**

On or about July 8, 1996, Plaintiff filed a Complaint in the Newark Vicinage of this Court. Plaintiff alleged causes of action for conversion, breach of trust and fiduciary duty, fraud and an accounting in connection with the purchase of real property located in Irvington, New Jersey. Two of the defendants, Penn Savings Bank and Mike Ghanoum, were subsequently dismissed from the case. (See docket entries 19 and 30.) The remaining Defendant, Bader

1

Ghannoum, and Plaintiff initially reached settlement on or about May 20, 1998, but the case was reopened approximately a month later. Prior to reaching trial, the case again reached settlement and was terminated on or about October 16, 1998.

The Settlement Agreement between the parties provided that the parties would agree on an accounting concerning the income and expenses pertaining to the Irvington property and determine whether which party owed money to the other. The determined amount was to be paid to the appropriate party within thirty days after the reached agreement. If, however, the parties could not reach consensus on the accounting, the matter would be submitted to arbitration and the resulting award would be final and binding. (Settlement Agreement ¶12.)

## II. Motion for Entry of Judgment

It appears from the papers now before the Court that the parties did indeed submit their dispute to arbitration. On or about March 8, 1999, an arbitrator awarded Plaintiff $31,953.00, due 30 days from the transmittal of the award, with interest at the rate of 9% until the date of payment. (Arbitration Award ¶ 1.) Plaintiff now asserts in her Motion before the Court that Defendant failed to comply with the settlement agreement when he failed to pay the arbitration award. Plaintiff asks this Court to enter judgment in her favor in the amount awarded by the arbitrator plus interest. Essentially, Plaintiff has filed a Motion to Enforce Settlement.

"A district court has ancillary jurisdiction to enforce a settlement agreement if the court retains jurisdiction by a separate provision or by incorporating the terms of the settlement agreement into an order." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 381 (1994); Wright v. Prudential Ins. Co., 285 F. Supp. 2d 515, 520 (D.N.J. 2003 )("Courts have repeatedly

affirmed the power of a court approving a settlement agreement to exercise its discretion to retain jurisdiction over the enforcement of the agreement, so long as it does so explicitly in the dismissal order.")  The Settlement Agreement in this case, approved by the Court and entered on the docket on or about May 20, 1998, preserved jurisdiction to enforce the Agreement.  As such, this Court has subject matter jurisdiction to consider Plaintiff's Motion.

Plaintiff's Motion was filed on or about April 12, 2005, with a return date of May 16, 2005.  The case was reopened by the Clerk of the Court and reassigned to the Trenton Vicinage for consideration by the same Judge that originally heard the matter.  On or about May 17, 2005, this Court entered an Order adjourning the return date to June 6, 2005, directing Defendant to submit his response no later than Monday, May 23, 2005.  As of June 16, 2005, Defendant has neither responded to the Motion, nor has he contacted the Court for an extension.  Therefore, despite this Court's attempt to provide Defendant with ample opportunity to participate in the instant motion practice, the Court will consider the Motion unopposed.

When parties voluntarily enter a settlement agreement to end a law suit, the resulting contract is binding upon them.  <u>Green v. John H. Lewis. & Co.</u>, 436 F.2d 389, 390 (3d Cir. 1970).  There is no doubt that these parties entered into an agreement, as it was reduce to writing, approved by this Court, and entered on the docket.  The Agreement provided that the parties would seek to agree on the accounting, but in the case that they could not, the matter would be submitted to arbitration for final and binding resolution.  The "Award of Arbitrator" provided to this Court by Plaintiff evidences that the parties were unable to resolve the accounting on their own and that they did indeed submit their dispute to an arbitrator as provided in the Agreement.  The arbitrator awarded Plaintiff the amount of $31,953.00 with interest due within 30 days from

the Award.  Plaintiff, therefore, requests this Court to enter judgment in the amount of $49,420.35, which includes $17.467.35 in interest.

As detailed above, the parties appear to have followed the terms and conditions of the Agreement they entered on or about May 20, 1998.  Considering this compliance, this Court sees no reason why Plaintiff should not be entitled to the resulting arbitration award.  Defendant had opportunity to oppose Plaintiff's Motion and since he has failed to respond, this Court will assume the information presented by Plaintiff to be undisputed and true. As such, this Court enters judgment in favor of Plaintiff in the amount of $49,420.35.

### III. Conclusion

Having considered the Motion submitted by Plaintiff, and having considered that Defendant failed to submit opposition, this Court grants Plaintiff's Motion and enters judgment for Plaintiff Kawsar Ghanoum against Defendant Bader Ghannoum in the amount of $49,420.35.

An appropriate form of order will be filed herewith.

Date:   July 5, 2005

                                                               s/Stanley R. Chesler
                                                           Stanley R. Chesler, U.S.D.J.